IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO F. GARCIA-MORALES<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Respondent | CIVIL 05-2287CCC |

## OPINION AND ORDER

This action was remanded by the Court of Appeals on June 11, 2009 (docket entry 22) after this Court had granted petitioner Roberto F. García-Morales (García) a certificate of appealability to pursue a claim of ineffective assistance of counsel based on defense counsel's failure to inform him of his right to testify at trial[1] and respondent United States conceded on appeal that an evidentiary hearing was needed on that issue.  Upon receipt of the remand, the matter was immediately referred to a U.S. Magistrate Judge for an evidentiary hearing (docket entry 23), which was held on December 28, 2009, January 15 and 29, 2010.  After considering the testimonial and documentary evidence presented at the hearing, as well as the post-hearing memoranda submitted by both parties (docket entries 71 & 74), U.S. Magistrate Judge Vélez-Rivé filed a Report and Recommendation (R&R) (**docket entry 75**) finding that petitioner had failed to establish ineffective assistance of counsel and "was well aware of his right to testify at trial." R&R, at p. 17.  Accordingly, she recommended that petitioner's motion under 28 U.S.C. §2255, to the extent it was initially based on the alleged failure by defense counsel to inform him of said right, and later premised (after the hearing) on defense counsel's purported ineffectiveness by not advising

---

[1] It should be noted that this claim was never raised by petitioner in his Motion Under 28 U.S.C. §2255 (docket entry 1) filed before this Court which was dismissed on May 30, 2008 (docket entry 9).  As the Court of Appeals observed in its Order, it was expressly raised for the first time in petitioner's request for a certificate of appealability.

CIVIL 05-2287CCC                           2

him that the ultimate decision on whether or not to take the stand was his, be denied. Before the Court now is said R&R, as well as petitioner's objections to it filed on March 24, 2010 (docket entry 76).

Petitioner's main objection to the R&R centers on its conclusion that he had been advised of his right to testify at trial by his counsel and had also learned of said right from conversations with other inmates prior to the jury trial, and that the reason why he did not testify was attributable to counsel's trial strategy with which he was in agreement and which the Magistrate Judge found to be sound. Petitioner claims now that not only was he never informed by his counsel of his right to testify at trial, but that his counsel should also had advised him that the final decision on whether to testify or not was only his, and that if he would have been so told he would have insisted on testifying. Petitioner goes on to aver that his testimony "was crucial at trial." Objections (docket entry 76), at p. 5.

It is apodictic that a criminal defendant has a fundamental constitutional right to testify on his own behalf at trial. United States v. Teague, 953 F.2d 1525, 1532 (11th Cir.1992) (en banc). The appropriate vehicle for claims that a defense counsel's acts led to a violation of this right is an ineffective assistance of counsel claim. Id. at 1534. Where defense counsel has not informed the defendant of his right to testify, defense counsel "has not acted within the range of competence demanded of attorneys in criminal cases." Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir.1999) (citations and internal quotations omitted). To prevail on his ineffective assistance of counsel claim, Petitioner is required to show both that his trial counsel was deficient, i.e., unreasonable under prevailing professional standards, and that he was prejudiced by his counsel's deficiency. United States v. Booth, 432 F.3d 542, 546 (3rd Cir. 2008). Prejudice is established when it has been shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Owens v. United States, 483 F.3d 59-60 (1st

CIVIL 05-2287CCC                                        3

Cir. 2007) (". . . if [defendant] was not informed by counsel of his right to testify in his own defense, was not otherwise informed of the right by the court, and would have offered genuinely exculpatory testimony, the failure of counsel to inform [defendant] of his right to testify would be prejudicial."

We have reviewed the transcripts of the evidentiary hearing (docket entries 78, 79 and 80), particularly the testimonies of both petitioner García and of his trial counsel, Roberto Roldán-Burgos.  Having done so, we are satisfied that the relevant factual findings made by the Magistrate Judge and challenged by petitioner in his objections are indeed supported by the record.  The U.S. Magistrate Judge gave full credence to the testimony of trial attorney Roldán-Burgos, who affirmed that he duly informed petitioner of his right to testify at trial and mulled with him at different times during the proceedings whether it should be exercised (Transcript of January 29, 2010 Evidentiary Hearing, docket entry 80, at p. 21), but eventually recommended against it (Id., at pp. 22, 30), a strategy with which petitioner agreed (Id., at p. 22).  Given that finding by the Magistrate Judge, which we adopt, petitioner's claim of ineffective assistance of counsel as asserted in his Certificate of Appealability (COA) (docket entry 12), based exclusively on his defense counsel's alleged failure to inform him of his right to testify at trial, crumbles.  It seems to us that petitioner's claim is nothing more than a belated attack on trial counsel's strategy tactics, raised more than five years after his conviction, but he has failed short of showing objectively deficient performance. Accordingly, and for the reasons stated, the Report and Recommendation of U.S. Magistrate Judge Vélez-Rivé (**docket entry 75**) is APPROVED and ADOPTED.  Accordingly, petitioner's

CIVIL 05-2287CCC                               4

last surviving claim of ineffective assistance of counsel first raised in his COA is DISMISSED, with prejudice.  Judgment shall be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 7, 2011.

                                      S/CARMEN CONSUELO CEREZO
                                       United States District Judge